UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAUL DIAS SANTOS
(A-Number: 221-493-826),

        Petitioner,

   v.

Warden, California City Correctional
Center; Field Office Director, San Diego
Field Office, United States Immigration and
Customs Enforcement; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Pamela Jo
Bondi, United States Attorney General,

        Respondents.

No.  2:26-cv-01220-KES-HBK (HC)

ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION AND
REQUIRING BOND HEARING WITHIN
FOURTEEN DAYS

Doc. 2

Before the Court is petitioner Raul Dias Santos's motion for temporary restraining order. Doc. 2. The Court has previously addressed the legal issues raised by the motion for temporary restraining order. *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the motion.

1

Doc. 5. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.* Respondents state that "that the current case mirrors the issues in numerous cases decided by this Court and most of the Courts in the Eastern District of California in the last several months finding the government's legal position to be incorrect and the alien's detention unlawful." [1] *See* Doc. 6 at 2. While respondents oppose the motion, they do not raise any new arguments.[2] *See id.* at 1–3.[3] They also do not object to converting the motion and waive oral argument. *See id.* at 1.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED,

---

[1] Respondents cite to *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. Feb. 6, 2026) (finding petitioners were subject to mandatory detention under § 1225(b)(2)(A)), and *Avila v. Bondi*, --- F.4th ---, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) (finding that petitioner was subject to detention under § 1225(b)(2)(A)). Doc. 6 at 2–3. The Court finds the analysis in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (concluding that government was not likely to prevail on the merits that petitioner was subject to mandatory detention under § 1225(b)(2)(A)), and in the dissents in *Buenrostro-Mendez* and *Avila*, more persuasive on the statutory interpretation issue.

[2] Respondents note that petitioner has prior misdemeanor convictions and attempted to flee when immigration agents arrested him on February 26, 2026. *See* Doc. 6 at 1–2; Doc. 6-2. Respondents do not argue that any of these misdemeanor convictions or the circumstances of petitioner's arrest shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). While petitioner's prior convictions and the circumstances of his arrest may be relevant to an immigration judge's determination at a bond hearing, they do not eliminate petitioner's statutory right to such a hearing.

[3] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Doc. 6 at 3. Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief. The magistrate judge may consider whether to hold further proceedings on the petition in abeyance.

for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Raul Dias Santos (A-Number: 221-493-826) with a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.[4]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.  Petitioner is hereby notified that this case will remain ongoing if he is released following the bond hearing, and all further filings in this case will be mailed to his address of record, which is currently the California City Detention Center.  Upon any change of address, petitioner must file a notice of change of address to update his address, by mailing that notice to the Clerk of Court at 2500 Tulare Street, Fresno, California 93721.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:    April 8, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

3